UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE JONES,        )<br>                           )<br>          Petitioner,   )<br>                           )<br>                           )<br>     v.                    )<br>                           )<br>                           )<br>KATHY MENDOZA-POWERS, )<br>                           )<br>          Respondent.  )<br>_____) | 1:06-CV-379 AWI JMD (HC)<br><br>ORDER DENYING RESPONDENT'S MOTION FOR STAY<br><br>(Doc. No. 24) |

    Petitioner challenged the Governor's reversal of a BPH decision to grant him a parole date. On March 31, 2010, the Court declined to adopted findings and recommendations, and instead granted Petitioner's request for a writ of habeas corpus. Respondent has filed a notice of appeal and now moves this Court to stay the matter. Respondent relies on the factors annunciated by *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). See Court's Docket Doc. No. 24 at p.2. Since *Hilton* involved Federal Rule of Civil Procedure 62(c), see id., the Court will treat Respondent's request for a stay as a request under Rule 62(c).

    Through Federal Rule of Civil Procedure 62(c),[1] a district court "retains jurisdiction during

---

[1] In relevant part, Rule 62(c) reads:
(c) Injunction Pending Appeal. When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. . . .

the pendency of an appeal to act to preserve the status quo." Natural Resources Defense Council, Inc. v. Southwest Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. 2001). "Rule 62(c) does not restore jurisdiction to the district court to adjudicate anew the merits of the case," and the "district court's exercise of jurisdiction should not materially alter the status of the case on appeal." Mayweathers v. Newland, 258 F.3d 930, 935 (9th Cir. 2001); Southwest Marine, 242 F.3d at 1166.

"A party seeking a stay of a lower court's order bears a difficult burden." United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc., 44 F.3d 1082, 1084 (2d Cir. 1994). District courts consider four factors in ruling on Rule 62(c) motions: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987); United States v. 1020 Elect. Gambling Mach., 38 F.Supp.2d 1219, 1220 (E.D. Wash. 1999); Overstreet ex rel. NLRB v. Thomas Davis Medical Ctrs., P.C., 978 F. Supp. 1313, 1314 (D. Ariz. 1997); Texaco Ref. & Mktg. v. Davis, 819 F.Supp. 1485, 1486 (D. Or. 1993); Miller v. Carlson, 768 F.Supp. 1341, 1342 (C.D. Cal. 1991). "This standard for evaluating the desirability of a stay pending appeal is quite similar to that which the Court employ[s] in deciding to grant [a] preliminary injunction." Miller, 768 F.Supp. at 1342 (citing Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983)). With respect to irreparable injury, speculative injury does not constitute irreparable injury. See Goldie's Bookstore v. Superior Ct., 739 F.2d 466, 472 (9th Cir. 1984). Rather, a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. See Caribbean Marine Services Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). In evaluating the harm that will occur depending upon whether the stay is granted, a court may consider: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991).

After reviewing the *Hilton* factors, the Court does not believe that a stay is appropriate. Respondent has not made a sufficient showing that it is likely to succeed on appeal, has not sufficiently shown irreparable injury, has not sufficiently shown that Petitioner will not be harmed,

1  and has not sufficiently shown that the public interest clearly lies in favor of a stay, such that a stay
2  should issue.  With respect to *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008) (granting *en banc*
3  rehearing) upon which Respondent relies heavily, it is unknown when a ruling will be made, how the
4  case will be decided, or why the Ninth Circuit stays some cases and not others.  If this case fits
5  within the concerns that the Ninth Circuit has over *Hayward*, then it will grant a stay.  Respondent
6  has not adequately met its "difficult burden" of showing that a stay of this Court's order is necessary.
7  See Hilton, 481 U.S. at 776; Private Sanitation, 44 F.3d at 1084.

9      Accordingly, IT IS HEREBY ORDERED that Respondent's Rule 62(c) motion/motion for
10 stay is DENIED.

12 IT IS SO ORDERED.
13 **Dated:    April 8, 2010**              **/s/ Anthony W. Ishii**
                                   CHIEF UNITED STATES DISTRICT JUDGE