UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDIE JONES, | ) | 1:06-CV-379 AWI JMD HC |
| Petitioner, | ) | |
| v. | ) | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT |
| KATHY MENDOZA-POWERS, | ) | RESPONSES DUE BY AUGUST 26, 2011 |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 31, 2010, the Court issued an order granting the petition for writ of habeas corpus finding that the Governor's reversal of the Board of Parole Hearings' grant of parole was not supported under the "some evidence" standard. On July 15, 2011, the Ninth Circuit Court of Appeal reversed in light of Swarthout v. Cooke, 562 U.S. ----, 131 S. Ct. 859, 178 L.Ed.2d 732 (2011) and *Styre v. Adams*, - - - F.3d - - -, 2011 WL 2176465 (9t h Cir. June 6, 2011). The Court understands, through representations made to the Ninth Circuit, that Petitioner has been released from custody and is currently on parole. Thus, it appears that Petitioner's petition is now moot.[1] It is appropriate for the parties to show cause why this case should not be dismissed as moot.

---

[1] A habeas petition is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Without a live "case or controversy," this Court lacks jurisdiction over this matter.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that each of the parties are to show cause in writing as soon as possible, but no later August 29, 2011, why this case should not be dismissed as moot or dismissed pursuant to *Swarthout* and *Styre*.

IT IS SO ORDERED.

Dated:    August 15, 2011

CHIEF UNITED STATES DISTRICT JUDGE