UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDIE JONES, | ) | 1:06-CV-0379 AWI JMD (HC) |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER CLOSING CASE |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| KATHY MENDOZA-POWERS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On March 31, 2010, this Court issued an order granting Petitioner a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court concluded that the Governor's reversal of the Board of Parole Hearings' grant of parole was not supported under the "some evidence standard."

On July 15, 2011, the Ninth Circuit reversed this Court in light of the intervening authority of *Swarthout v. Cooke*, 131 S.Ct. 859 (2011) and *Styre v. Adams*, 645 F.3d 1106 (9th Cir. 2011).

On August 15, 2011, the Court issued an order to show cause why this case should not be dismissed either because the petition was now moot or pursuant to *Swarthout* and *Styre*. The Court understood from representation made to the Ninth Circuit that Petitioner has been released on parole.

On August 25, 2011, respondent filed a response to the show cause order and urged the Court to close this case because no constitutional violation occurred. Alternatively, respondent argues that the Court should close the case because it is now moot. Respondent represents that Petitioner has been released on parole. See Court's Docket Doc. No. 39. Petitioner has filed no response.

1    The Court takes petitioner's silence to mean that he has no objection to the closing of this
2 case.  Because Petitioner has been released, and because he has failed to respond and thus show
3 cause why this case is not moot, the Court will dismiss this case on mootness grounds.[1]

5    Accordingly, IT IS HEREBY ORDERED that Petitioner's petition is DENIED as moot, and
6 the Clerk shall immediately CLOSE this case.

8 IT IS SO ORDERED.

9 Dated:    August 31, 2011
10                                                                                   CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Alternatively, dismissal and closure of the case would also be appropriate pursuant to *Swarthout* and *Styre*.